Montez Salamasina Tuia: Ottley -- Detainee
# 87604-022 Federal Bureau of Prisons
C/o The Federal Detention Center, Custodian
353 Elliott Street, P.O. Box 30080
Honolulu, Oahu, Hawaii nei 96820

Via Gerry: Michaud
Agent for Detainee

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 5 2006

at 9 o'clock and 07 min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. CR 00-00126 MLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | VERIFIED NOTIFICATION, |
| vs. | ) | PROOF OF NOTIFICATION |
| | ) | |
| MONTEZ SALAMASINA OTTLEY© | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE

To:   Harley G. Lappin, Director          Office of Internal Affairs
      Bureau of Prisons                   Ph. (202) 307-3286: FAX (202) 514-8625
      320 First Street N.W.               O.I.G. 1-800-869-4499
      Washington, D.C. 20534

VERIFICATION

I Gerry, the undersigned agent (hereinafter "Me, My, Myself, Mine, and/or I"), hereby appear specially not generally for the above-entitled detainee Montez Salamasina Tuia: Ottley # 87604-022 a private attorney general[1] ("Detainee").

---

[1] Both statutes *[RICO and Clayton Act]* bring to bear the pressure of "private attorneys general" on a serious national problem for which public prosecutorial resources are deemed inadequate; the mechanism chosen to reach the objective in both the Clayton and RICO is the carrot of treble damages. Agency Holding Corp. v. Malley-Duff & Associates, 107 S.Ct. 2759, 483 U.S. 143, 151 (1987). Both statutes share a common congressional objective of encouraging civil litigation to supplement Government efforts to deter and penalize the respectively prohibited practices. The object of civil RICO is thus not merely to compensate victims but to turn them into prosecutors, "private attorneys general," dedicated to eliminating racketeering activity. Rotella v. Wood et al., 528 U.S. 549 (2000) citing Malley-Duff ibid. at 151. The Clayton Act prohibits unfair trade practices and a monopoly in any line of commerce.



I HEREBY DECLARE that I am competent to Verify the following:

1. I have personal first hand knowledge of the facts as contained in this Verification unless said facts are alleged upon information and belief and in those instances I believe said facts to be true and not meant to mislead;

2. On Friday February 24, 2006, at approximately 4:15 p.m. I contacted the United States ("U.S.") Marshal's Office ("Marshal") via telephone and inquired into how I might obtain a copy of Detainee's transfer order that is allegedly scheduled for Saturday February 25, 2006 ("Transfer"), which Marshal was unable at that time to confirm, as Marshal requested that I contact them on Monday February 27, 2006 wherein someone would be available to assist Me in reference to the Transfer inquirey;

3. On Friday February 24, 2006, at approximately 4:45 p.m. I attempted to meet with either Warden John Rathman ("Rathman"), or his associate warden, or any other assigned officer ("Warden") acting on behalf of the U.S. Federal Detention Center located at 351 Elliott Street, Honolulu, Hawaii ("FDC") so as to request that Warden allow Me a visitation with Detainee to have her sign her soon to be filed notices currently addressed to the Warden and the Marshal ("Notice"), and upon Detainee's signature I would then personally hand deliver Notice to both Warden and Marshal forthwith in hopes of alerting each of Detainee's eminent irregular transfer to California, as Detainee at this time was being held incommunicado by FDC;

4. I have reason to believe that the well dressed man that I met at FDC, which man is distinguish by his blue eyes and clean shaven head ("Officer"), greeted Me at 4:50 p.m. Friday supra to discuss Notice and visitation, which ended with Officer introducing Me to FDC's legal counsel Amy Standaford ("Standaford") who denied Me any visitation with Detainee, and refused to accept or acknowledge the Notice to assist in alerting the Warden to the ensuing irregular Transfer, as her denial was allegedly based on the authority that either My, or Detainee's "beef" should be taken up with the Marshal or the U.S. Attorney, e.g. Larry Butrick which record declares had placed fraud on court, and according to Standaford's suggestion Butrick is the person who issues what she termed the transfer "writ" to the Marshal and that the FDC as custodian merely receives a telephone call from the Marshal advising the FDC to prepare Detainee for the transfer, and consequently the FDC would not be in possession of any transfer order or warrant of commitment;

5.   On Saturday February 25, 2006, I was contacted by an unknown relator, via a telephone call, where relator advised Me that Detainee was held incommunicado and will not be Transferred today, and that Detainee is now awaiting a Transfer confirmation rescheduled for tomorrow, Sunday February 26, 2006, as Marshal will be allegedly using a military transport;

6.   On Sunday February 26, 2006, Detainee's children contacted Me immediately after they had visited with Detainee at the FDC, which they then expressed to Me that there was no new information regarding the Transfer, and that Detainee would more than likely be held incommunicado until something should give either one way or the other;

7.   On Monday February 27, 2006, I met several Marshals within the Prince Kuhio Federal Building in Honolulu, whereas each had assured Me that the Detainee Transfer "order" would in fact issue from the Bureau of Prisons ("BOP") and that they were unfamiliar with the term Transfer "writ" as suggested by Standaford;

8.   I have reason to believe that the record evidences Detainee's previous wrongful Transfer, which happened in fact on several different occasions within the past six (6) years, and that the instant attempt would necessarily suggest that certain FDC employees have recklessly overlooked the BOP directives as prescribed by its Director's Program Statement #1210.24 et al,

I declare that the foregoing is true and correct to the best of my knowledge, information, and belief, which is not meant mislead.

Executed on this 4th day of March 2006, Honolulu, Hawaii nei.

By: _____
     For Me

------------------------------------------------------------
UNITED STATES OF AMERICA v. MONTEZ SALAMASINA OTTLEY© CR 00-00126MLR

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. CR 00-00126 MLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROOF OF NOTIFICATION |
| | ) | |
| MONTEZ SALAMASINA OTTLEY© | ) | |
| | ) | |
| Defendant. | ) | |

PROOF OF NOTIFICATION

I HEREBY CERTIFY that a true and correct copy of the foregoing *"Verified Notification"* to which this proof of Notification is attached will be duly provided upon the following listed below by hand, or by depositing said copies in the United States Mail First Class, postage prepaid, and addressed as follows:

Edward H. Kubo, Jr. 2499
United States Attorney
District of Hawaii
   and

Larry L. Butrick 3910
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

U.S. Marshal Mark Hanohano
C/O U.S. Marshals Service
Prince Kuhio Federal Building
Honolulu, Hawaii 96850

U.S. COURT OF APPEALS, 9TH CIRCUIT
C/O OFFICE OF THE CLERK
95 SEVENTH STREET
SAN FRANCISCO, CA 94103-1526

Office of Warden John Rathman or Associate
C/o Honolulu Federal Detention Center
351 Elliott Street, P.O. Box 30080
Honolulu, Oahu, Hawaii nei 96820

DATED: Honolulu, Oahu, Hawaii nei, March 4, 2006

By: _____